**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4460**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTHONY MCINTOSH,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.  (8:12-cr-00039-AW-1)

─────────────

Submitted:  January 23, 2014      Decided:  January 27, 2014

─────────────

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

─────────────

Harold M. Vaught, Norwalk, California, for Appellant.  April J. Anderson, Jessica Dunsay Silver, U.S. DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony McIntosh seeks to appeal his conviction and sentence for falsification of records in a federal investigation, in violation of 18 U.S.C. § 1519 (2012). McIntosh pled guilty pursuant to a written plea agreement and was sentenced to twenty-four months' imprisonment. On appeal, counsel for McIntosh filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning the calculation of McIntosh's sentence. McIntosh has not filed a pro se supplemental brief despite notice of his right to do so. The Government has moved to dismiss the appeal as barred by McIntosh's waiver of the right to appeal, included in the plea agreement.

We review de novo the validity of an appeal waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct. 126 (2013). We generally will enforce a waiver "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir.) (internal quotation marks omitted), cert. denied, 133 S. Ct. 196 (2012). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).

2

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that McIntosh knowingly and voluntarily waived his right to appeal his conviction and sentence. Because the Government seeks to enforce this knowing and voluntary waiver, we grant the motion to dismiss in part and dismiss McIntosh's appeal as to the claims raised in the Anders brief, which are clearly within the waiver's scope. As to any remaining issues, we have reviewed the entire record in accordance with Anders and have found no meritorious issues for appeal outside the scope of the waiver. We therefore affirm the district court's judgment as to all issues not encompassed by McIntosh's valid waiver of appellate rights.

This court requires that counsel inform McIntosh, in writing, of the right to petition the Supreme Court of the United States for further review. If McIntosh requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McIntosh.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>
